JAMES VANCE *v.* ANTOINE LAFFERANDERIE and others.

An allowance made by a Court of Probates to one for services as an auditor of the accounts of a succession, may be seized under a *fieri facias.* C. P. 647. It cannot be considered as the salary of an office.

Article 1987 of the Civil Code declaring what rights cannot be made liable for the payment of debts, is repealed by art. 647 of the Code of Practice, so far as they are inconsistent with each other; under the latter the Sheriff may seize, all sums of money due to the debtor on whatever right, unless for alimony or salaries of office.

APPEAL from the District Court of the First District, *Buchanan*, J.

*J. Mitchell*, for the appellant, cited the case of *Allen* v. *Arnouil*, 1 Robinson, 399, as decisive of this case.

*D. Seghers*, for the defendants.

SIMON, J. The plaintiff, having been appointed by the Court of Probates of the Parish of Jefferson, an auditor of accounts for a certain succession opened in that parish, was allowed the sum of $500 dollars for his services. His claim was placed upon the general *tableau* of distribution of the estate, as a privileged debt, in these words : " *James Vance, for services rendered in settling accounts, arranging books, &-c.,* $500." In the mean time, an execution having been issued against the plaintiff by Lafferanderie, on a judgment which had been transferred to the latter by Joseph Abat, it was levied upon the sum allowed him in the tableau, and the Probate Judge was notified of the seizure. Whereupon, plaintiff obtained an injunction to prevent the money's being paid by the Probate Judge to the Sheriff, and instituted the present proceedings, to which the Probate Judge, the Sheriff, and the judgment creditor were made parties, for the purpose of setting aside the seizure, on the ground that the moneys due him for his services, rendered as an auditor- of accounts, are not liable to seizure.

The inferior Judge rendered judgment in favor of the defendants, and dissolved the injunction, from which the plaintiff has appealed.

We concur with the judge, *a quo*, in the opinion, that the 1987th art. of the Civil Code has been repealed, amended or modified by the 647th art. of the Code of Practice, so far as the two articles are contrary to, or inconsistent with each other. This opinion is supported by a statute of 1824, (Bullard & Curry's Digest, 150, No. 16,) which provides : " that in case the Code of Practice should contain any provisions contrary or repugnant to those of the Civil Code, the latter shall be considered as virtually repealed, or thereby amended in that respect." Now, under art. 647 of the Code of Practice, the Sheriff is authorized to seize *all sums of money* which may be due to the debtor, *in whatsoever right*, unless it be *for alimony* or *salaries of office ;* whilst the Civil Code,

art. 1987, declares that the rights of a debtor to money due *for the salary of an office* (in the French text, *"pour salaires d'emploi public,"*) or wages, or *recompense for personal services,* cannot be made liable to the payment of debts. Thus it is clear, that as the law now stands under the Code of Practice, and under the statute approved on the 22d of March, 1842, p. 380, amendatory of arts. 644 & 647 of that Code, the art. of the Civil Code has been greatly modified ; that the prohibition to seize the debtor's rights and credits, only extends to alimony or salaries of office, and to such other rights as are included in the said law of 1842 ; and that all other sums due him 'in whatsoever right, may be seized on execution, and are made liable to the payment of his debts. It is perhaps worthy of notice that the sums due to a debtor, for wages or personal services, have not been inserted in the law of 1841, as being exempt from seizure. The case of *Allen* v. *Arnouil,* 1 Robinson, 399, relied on by the appellant, is not applicable. There the money sought to be seized, proceeded from the salary of the defendant as clerk of the Mechanics and Traders Bank. That was the salary of an office held under the Bank. The defendant was one of its officers, and his salary was to be paid monthly in advance. But we cannot consider the compensation allowed to an auditor of accounts, for his personal services in the settlement of a succession, as being the salary of an office in the true sense of the law, Code of Practice, art 462.

*Judgment affirmed.*